# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5965 | **DATE** | 9/6/2001 |
| **CASE TITLE** | NATIONAL LABOR RELATIONS BOARD vs. G. RABINE & SONS, INC.,et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION AND ORDER: the Court adopts Magistrate Judge Nolan's Report and Recommendation with minor modifications. Local 150's Motion for an Order Setting a Hearing on a Rule to Show Cause is granted in part and denied in part. To the extent the motion requests the Court to order compliance with ALJ Sherman's August 17 and August 18, 2000 orders enforcing portioins of Local 150's subpoena duces tecum, the motion is granted. To the extent the motion requests a hearing on a rule to show cause or a finding of contempt, the motion is denied. Because there are no remaining issues in dispute in this proceeding to compel obedience to the *subpoena duces tecum,* this case is hereby terminated.**
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 10 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | FILED FOR DOCKETING  01 SEP -7 AM 8: 44 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| NATIONAL LABOR RELATIONS BOARD, on relation of INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 150, AFL-CIO, | ) ) ) ) ) | |
| Applicant, | ) ) | 00 C 5965 |
| v. | ) ) | Judge Ronald A. Guzmán |
| G. RABINE & SONS, INC., d/b/a RABINE PAVING, and CONGRESS OF INDEPENDENT UNIONS, | ) ) ) ) ) | DOCKETED SEP 1 0 2001 |
| Respondents. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Respondent G. Rabine & Sons, Inc.'s ("Rabine Paving") objections to the Report and Recommendation of Magistrate Judge Nan Nolan's ruling of May 7, 2001, granting in part and denying in part Applicant International Union of Operating Engineers, Local 150, AFL-CIO's ("Local 150") Motion for an Order Setting a Hearing on a Rule to Show Cause. This case arises out of an unfair labor practice charge filed by Rabine Paving against Local 150. The National Labor Relations Board ("NLRB" or "Board") on relation of Local 150 has applied to this Court, pursuant to 29 U.S.C. § 161(2) of the National Labor Relations Act, as amended ("NLRA" or "the Act"), to enforce a *subpoena duces tecum* ("subpoena") served on Rabine Paving and Respondent Congress of Independent Unions ("CIU") during the proceedings below. This Court has jurisdiction over the matter pursuant to 29 U.S.C. § 161(2).

## PROCEDURAL AND FACTUAL BACKGROUND

Rabine Paving is engaged in the business of commercial and residential asphalt paving. (*Rabine Paving's Response in Opposition to the Application* ("*Response*") at 2.) In April of 1997, Rabine Paving and the CIU entered into a collective bargaining agreement, commencing on May 1, 1997 and ending on April 30, 1998. (*Id.* at 2, 3.) Rabine Paving and CIU have subsequently entered into successive collective bargaining agreements. (*Id.* at 3.) The most recent collective bargaining agreement had a term of May 1, 2000 through April 30, 2003. (*Id.*) It is not clear on what date the parties entered into this most recent collective bargaining agreement. (*Local 150's Reply in Support of its Application* ("*Reply*") at 6.)

On or about May 15, 2000, an affiliate of Local 150 and a Rabine Paving employee picketed Rabine Paving's premises with signs critical of CIU and Rabine Paving. (*Response* at 3.) On May 15, 2000, Rabine Paving filed an unfair labor practice charge against Local 150. (*Applicant's Motion for an Order Setting a Hearing on a Rule to Show Cause* ("*Motion*") at 1.) The charge alleged that Local 150 had picketed Rabine Paving for a recognitional purpose in violation of Section 8(b)(7)(A) of the NLRA, 29 U.S.C. § 158(b)(7)(A). On June 2, 2000, Region 13 of the NLRB issued a Complaint and Notice of Hearing. (*Response* at 1.) The parties disagree as to the characterization of the affirmative defenses asserted by Local 150 in the proceedings below. Local 150 claims that, first, as of May 15, 2000, the day of the alleged picketing, Rabine Paving and CIU did not have a valid collective bargaining agreement in place that would preclude Local 150 from seeking recognition. (*Reply* at 13.) Alternatively, Local 150 claims that, even if there were a contract in place on that date, that contract was not entered into pursuant to Section 9(a) of the NLRA, 29 U.S.C. § 159. (*Id.*) Rabine Paving, on the other hand,

2

characterizes Local 150's first defense as asserting that Rabine Paving never validly recognized CIU because CIU did not have majority status in April of 1997. (*Reply* at 4.) Rabine Paving characterizes Local 150's second affirmative defense as asserting that the collective bargaining agreements entered into between Rabine Paving and CIU were not subject to Section 9(a) of the NLRB. (*Id.*) As will be explained below, the substantive basis for Local 150's affirmative defenses is not at issue in the current matter.

An unfair labor practice hearing was subsequently held before Administrative Law Judge Nancy Sherman ("ALJ" or "ALJ Sherman") on August 21 and 23, 2000. (*Id.*) On July 31, 2000, Local 150 requested and was issues subpoenas duces tecum pursuant to Section 11(4) of the NLRA and Section 102.111 of the Board's Rule and Regulations. Local 150 served a *subpoena duces tecum* upon Rabine Paving on July 31, 2000, and served another subpoena duces tecum on CIU on August 14, 2000. On August 3 and 15, 2000, respectively, Rabine Paving and CIU filed Petitions to Revoke Local 150's *Subpoena Duces Tecum*. Rabine Paving filed a Petition to Revoke the subpoena, arguing that the defenses that Local 150 had raised were barred. (*Id.* at 5.) On August 17, 2000, the ALJ granted in part and denied in part Rabine Paving's Petition to Revoke. (*Id.*) The ALJ ordered Rabine Paving to produce copies of all photographs, videotapes, and/or audio tapes relied upon in making its charge against Local 150. The ALJ ordered Rabine Paving to produce for the period of May 1999 through May 2000, copies of all authorization and dues deduction cards for the CIU signed by Rabine Paving employees, as well as all notes or other document relating to the negotiations of the May 2000 contract. For the rest of the documents she order produced, the ALJ limited her order to documents "which were in effect between the two months before and two months after the execution of the May 2000 contract."

3

(*Id.*) For this four-month period, she ordered Rabine Paving to produce a list of all employees on temporary layoff, disability, illness or workers' compensation, or otherwise entitled to or eligible for recall to Rabine; a list of all employees severed from employment with Rabine Paving for any reason; copies of all personnel files for all of these individuals; payroll ledgers, time cards, federal tax forms W-2, 1099 and unemployment tax forms for all Rabine Paving employees; all documents describing equipment operated, services or repaired, or any other work performed, and personnel assigned to each job assignment; all documents describing any employee benefit program offered to Rabine Paving employees, and the eligibility requirements; a list of employees who have enrolled or participated in each benefit program; copies of all employee handbooks utilized by Rabine Paving.

On August 18, 2000, the ALJ granted in part and denied in part CIU's Petition to Revoke the Subpoena Duces Tecum. ALJ Sherman ordered CIU to produce copies of all collective bargaining agreements between Rabine Paving and CIU for the period 1997 to the present; copies of the CIU constitution and by-laws, including proposed and/or ratified amendments effective in the year 2000; for the period of two months prior, and two months after the execution of the alleged May 2000 contract, all records relating to Rabine Paving employees' membership in the CIU; and for the period of two months prior, and two months after the execution of the alleged May 2000 contract, all documents relating or referring to CIU's denial of membership to any Rabine Paving employee.

The hearing on the unfair labor practice charge was conducted on August 21 and 23, 2000. Both Rabine Paving and CIU informed the ALJ that they would refuse to comply with the ALJ's order and await subpoena enforcement proceedings by Local 150. On September 28,

2000, NLRB Region 13 filed the instant Application for Order Requiring Obedience to Subpoenas Duces Tecum on relation of Local 150. This matter was referred to Magistrate Judge Nan Nolan on October 18, 2000.

In her Report and Recommendation, the Magistrate Judge recommended that the Court order CIU and Rabine Paving to comply with ALJ Sherman's August 17 and August 18, 2000 orders enforcing portions of Local 150's *subpoena duces tecum* and deny Local 150's request for a hearing on a rule to show cause or a finding of contempt.[1] Rabine Paving timely filed objections to the Magistrate Judge's Report and Recommendation on May 17, 2001. CIU has not objected to the Magistrate Judge's Report and Recommendation.

## STANDARD OF REVIEW

This matter is before the Court on Rabine Paving's Objections to the Report and Recommendation filed by Magistrate Judge Nolan. Because Judge Nolan's Report and Recommendation would be dispositive of the entire matter before the Court (that is, whether to enforce the administrative subpoenas), this Court will review the May 7 ruling *de novo*. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1). The district court may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the Magistrate Judge with instructions. *Id.*

---

[1] The Magistrate Judge also recommended that the portion of Local 150's Motion requesting a hearing on a rule to show cause for a finding of contempt be denied. Rabine Paving does not object to the portion of the Magistrate Judge's Report and Recommendation and this portion of her Recommendation is not at issue here.

## DISCUSSION

Under Section 11(2) of the NLRA, 29 U.S.C. § 161(2), a district court has jurisdiction to enforce a subpoena issued in a hearing or investigation by the Board. In an administrative subpoena enforcement proceeding, the role of the district court is "sharply limited," *EEOC v. Tempel Steel Co.*, 814 F.2d 482, 485 (7th Cir. 1987), and the proceeding is of a "summary nature." *EEOC v. Bay Shipbuilding Corp.*, 668 F.2d 304, 308-09 (7th Cir. 1981); *NLRB v. N. Am. Van Lines, Inc.*, 611 F. Supp. 760, 763 (N.D. Ill. 1985). When "deciding whether to enforce [an administrative subpoena], 'it is sufficient if the inquiry is within the authority of the agency, the demand is not too indefinite and the information sought is reasonably relevant.'" *Dow Chem. Co. v. Allen*, 672 F.2d 1262, 1267 (7th Cir. 1982) (quoting *United States v. Morton Salt Co.*, 338 U.S. 632, 652 (1950)). In addition, a district court may refuse to enforce an administrative subpoena where the disclosure sought "would impose an unreasonable or undue burden on the party from whom production is sought." *Dow Chem. Co.*, 672 F.2d at 1267. As to these narrowly prescribed issues, a district court reviews an agency's decision to issue a subpoena *de novo*. *Id.* "The ALJ's decision to issue the subpoenas and his denial of the motion to quash are not binding on the court as to the questions properly presented." *Id.*

Rabine Paving objects to the Magistrate Judge's Report and Recommendation enforcing the administrative subpoena arguing that the Magistrate Judge erred by (1) failing to review the ALJ's decision *de novo*; (2) finding that some of the issues raised were beyond the scope of review; and (3) misapplying the scope of review. (*Respondent Rabine Paving's Objections to the Report and Recommendation of the Magistrate Judge ("Objections")* at 2-8.) For the following reasons, Local 150's Motion requesting that this Court enter an order directing Rabine Paving and

6

CIU to comply with the ALJ's orders enforcing portions of Local 150's *subpoena duces tecum* is granted and the Magistrate Judge's Report and Recommendation is adopted in part with modifications.

First, rejecting the appropriate standard of review, Rabine Paving argues that the Magistrate Judge erred by failing to review *de novo* all of the legal standards applied and legal conclusions rendered by the ALJ in the matter.[2] (*Objections* at 2.) In support of this proposition, Rabine Paving cites *NLRB v. CWI of Maryland, Inc.*, 127 F.3d 319 (4th Cir. 1997). However, *CWI of Maryland, Inc.* is inapposite because the court in that case was not determining whether to enforce an administrative subpoena. *Id.* at 322. Instead, that court was determining whether to enforce a Board order affirming the decision of an ALJ who had found that the defendant in that case had committed numerous unfair labor practices. *Id.* While the standard of review that Rabine Paving argues should be used in the current matter may be the correct standard of review for determining whether to enforce a Board order affirming the decision of an ALJ in an unfair labor practice charge, it is clearly not the correct standard of review for determining whether to enforce an administrative subpoena. Rabine Paving has not cited to, and research does not reveal, a single case in which this standard of review was used by a court to determine whether to enforce an administrative subpoena. As noted above, the questions presented to a district court

---

[2] The Magistrate Judge correctly identified the issues before a court on an application to enforce an administrative subpoena and correctly determined that the scope of review is extremely narrow. However, the Magistrate Judge failed to acknowledge that, *as to those narrow issues*, a district court is not bound by the ALJ's decision. To the extent that the Magistrate Judge's Report and Recommendation fails to recognize that a district court reviews *de novo* the narrow questions before it in administrative subpoena enforcement proceedings, the Report is rejected. The Magistrate Judge's failure to acknowledge that a district court is not bound by the ALJ's decision to issue an administrative subpoena was harmless, however, because Magistrate Judge Nolan otherwise properly decided to enforce the subpoena in question.

7

on an application to enforce an administrative subpoena are narrowly limited and the proceedings are of a summary nature. *See, e.g., EEOC v. Tempel Steel Co.*, 814 F.2d 482, 485 (7th Cir. 1987) Rabine Paving's suggested standard of review is inappropriate for administrative subpoena enforcement proceedings.

Second, relying on *Dow Chemical Co. v. Allen*, 672 F.2d 1262 (7th Cir. 1982), Rabine Paving attempts to argue that the narrow scope of review applied in administrative subpoena enforcement proceedings is only proper when a court is deciding whether to enforce an administrative subpoena issued by an agency during an *investigation*. (*Objections* at 3.) Rabine Paving contends that when a district court is deciding whether to enforce an administrative subpoena issued by an ALJ during an *adjudicative* hearing, a broad *de novo* standard of review applies. (*Objections* at 4.) Rabine Paving's reliance on *Dow Chemical Co.* is entirely misplaced because the court in *Dow Chemical Co.* expressly held that the issues before a court on an administrative subpoena enforcement proceeding are the same whether the subpoena is adjudicative or investigative. *Id.* at 1267-68. In *Dow Chemical Co.* the Seventh Circuit did not create one standard of review for administrative subpoenas issued in investigative hearings and another for administrative subpoenas issued in adjudicative hearings. Rather, the Seventh Circuit simply acknowledged that it was not inappropriate for a district court to take into account whether an administrative subpoena was issued pursuant to an investigative or adjudicative hearing for the purpose of determining whether the information sought was reasonably relevant. *Id.* at 1268. Rabine Paving's attempt to manipulate the language in *Dow Chemical Co.* into recognizing a broader scope of review for administrative subpoenas issued in adjudicative hearings fails.

Finally, Rabine Paving argues that, even if the Magistrate Judge correctly determined what the scope of review is, the issues it has raised regarding the legal sufficiency of Local 150's affirmative defenses should be ruled on by this Court in this application to enforce the administrative subpoena. However, the legal sufficiency of Local 150's affirmative defenses in the underlying procedure is not at issue. As stated above, on an application to enforce an administrative subpoena this Court must determine whether the current inquiry is within the authority of the Board, whether the demand is too indefinite, whether complying with the subpoena would impose an unreasonable or undue burden on Respondents, and whether the information sought is reasonably relevant. *See Dow Chem. Co. v. Allen*, 672 F.2d 1262, 1267 (7th Cir. 1982) (citations omitted). Each of these questions is addressed in turn below.

Rabine Paving does not seriously contest the Board's authority to issue subpoenas in hearings unfair labor practice complaint hearings. (*Objections* at 6 n. 4.) This Court is satisfied that the Board was within its authority when it issued the administrative subpoena in question during the proceedings below. *See generally* 29 U.S.C. § 161.

Likewise, Rabine Paving does not seriously argue that the subpoena in question is too indefinite to be enforced. Rabine Paving does claim that Local 150 is engaged in a "fishing expedition" (*Response* at 11) but does not argue that the subpoena is too indefinite to be obeyed. The documents sought in the subpoena appear to be readily identifiable and definite enough to enable Rabine Paving to comply with the subpoena. *See NLRB v. Brown Transp. Corp.*, 620 F. Supp. 648, 653-54 (N.D. Ill. 1985) ("'[t]he terms of the subpoenas were not unlimited, and the records were particularized to such records as would show certain specific information.'") (quoting *NLRB v. N. Trust Co.*, 148 F.2d 24, 29 (7th Cir. 1945)). This Court finds that the

subpoena is not too indefinite to be enforced.

Also, Rabine Paving also does not attempt to argue that the administrative subpoena in question places an unreasonable burden on it. Generally, a court will refuse to enforce an administrative subpoena where "compliance would threaten the normal operation of a respondent's business." *EEOC v. Bay Shipbuilding Corp.*, 668 F.2d 304, 313 (7th Cir. 1981) (citations omitted). Rabine Paving has made no such showing here.

The crux of Rabine Paving's objection to the Magistrate Judge's Recommendation and Report is that she failed to determine properly whether the information sought in the subpoena is reasonably relevant to the proceedings before the ALJ. In their briefs before the Magistrate Judge, all parties devoted considerable space and time to arguing the merits of the affirmative defense asserted by Local 150. Under the guise of contesting the relevance of the administrative subpoena, Rabine Paving would dearly like this Court to rule on the merits of the affirmative defenses asserted by Local 150 in the underlying proceedings.[3] Unfortunately for Rabine Paving, the merits of claims or defenses in the underlying proceeding are not at issue when a district court is determining whether to enforce an administrative subpoena. *See EEOC v. Tempel Steel Co.*, 814 F.2d 482, 485 (7th Cir. 1987) ("a timeliness defense may not be raised to block enforcement of an EEOC subpoena"); *EEOC v. A.E. Staley Mfg. Co.*, 711 F.2d 780, 788 (7th Cir. 1983) ("defenses on the merits of an administrative charge may not be raised to block the enforcement of an administrative subpoena"); *NLRB ex rel. Int'l Union of Elec., Radio & Mach.*

---

[3] Rabine Paving originally had challenged the subpoena because it "was without basis in law." (*Response* at 1.) Rabine Paving has switched gears, perhaps because it recognizes that the merits of the affirmative defenses raised by Local 150 are not at issue in this administrative subpoena enforcement proceeding. Rabin Paving now argues that it is challenging the subpoena because it is "irrelevant." (*Objections* at 6.)

10

*Workers, AFL-CIO-CLC v. Dutch Boy, Inc.*, 606 F.2d 929, 933 (10th Cir. 1979) ("because piecemeal appeals will disrupt and delay resolution of labor disputes, parties opposing the Board may not interpose defenses to the merits of the underlying unfair labor practice charges in subpoena enforcement actions"); *NLRB v. Frederick Cowan & Co., Inc.*, 522 F.2d 26, 28 (2nd Cir. 1975) ("[n]o defense relating to the administrative proceedings can be raised" during an administrative subpoena enforcement action); *Hamilton v. NLRB*, 177 F.2d 676, 676 (9th Cir. 1949) (holding that the timeliness of an unfair labor practice charge cannot be raised during an administrative subpoena enforcement action); *Cudahy Packing Co. v. NLRB*, 117 F.2d 692, 694 (10th Cir. 1941) (a party in an administrative subpoena enforcement action "may not . . . assert its defenses in the principal case").

In her Report and Recommendation, the Magistrate Judge relied primarily on *EEOC v. Tempel Steel Co.*, 814 F.2d 482 (7th Cir. 1987), *EEOC v. A.E. Staley Manufacturing Co.*, 711 F.2d 780 (7th Cir. 1983), and *EEOC v. Bay Shipbuilding Co.*, 668 F.2d 304 (7th Cir. 1981), to support the principle that the merits of Local 150's affirmative defenses in the underlying proceedings are not a proper inquiry during administrative subpoena enforcement proceedings. Rabine Paving argues that those cases do not apply to the current matter because the administrative subpoenas issued in those cases were issued pursuant to *investigative* proceedings before an agency. (*Objections* at 3-4.) Rabine Paving's attempt to distinguish this line of cases from the current matter fails. Several courts have held that the merits of an underlying *adjudicative* proceeding are not a proper reason to deny the enforcement of an administrative subpoena. *See, e.g., NLRB ex rel. Int'l Union of Elec., Radio & Mach. Workers, AFL-CIO-CLC v. Dutch Boy, Inc.*, 606 F.2d 929 (10th Cir. 1979) (cited with approval in *EEOC v. A.E. Staley*

*Manufacturing Co.*, 711 F.2d 780 (7th Cir. 1983)) (reviewing administrative subpoenas issued in a consolidated hearing on a union's election objections and unfair labor practice charges); *Hamilton v. NLRB*, 177 F.2d 676 (9th Cir. 1949) (enforcing an administrative subpoena issued in an unfair labor practice proceeding); *Cudahy Packing Co. v. NLRB*, 117 F.2d 692 (10th Cir. 1941) (enforcing an administrative subpoena issued in a consolidated representation case and unfair labor practice case).

Even if there were no cases holding that the merits of affirmative defenses raised in underlying adjudicative proceeding are not before a district court in administrative subpoena enforcement proceedings, this Court is not convinced that the investigative/adjudicative distinction is nearly as important as Rabine Paving suggests. As noted earlier, the Seventh Circuit has recognized that it is not "inappropriate" for a district court to consider whether an administrative subpoena was issued during an investigative or adjudicative hearing when determining whether the information sought is *reasonably relevant*. *See Dow Chem. Co. v. Allen*, 672 F.2d 1262, 1268 (7th Cir. 1982). The Seventh Circuit expressly recognized that the issues before a district court are the same for "adjudicatory subpoenas as well as . . . those issued for the purposes of investigation." *Id.* at 1267. The investigative/adjudicative distinction is simply not as important as Rabine Paving suggests.

This Court will inquire into the reasonable relevance of the administrative subpoena in question according to the standard approved by the Seventh Circuit. For adjudicative subpoenas, the reasonable relevance of the information sought is "'measured against the charges specified in the complaint.'" *Id.* at 1268 (quoting *F.T.C. v. Anderson*, 631 F.2d 741, 745 (D.C. Cir. 1979)). This matter arises out of an unfair labor practice filed by Rabine Paving against Local 150

alleging that Local 150 violated Section 8(b)(7)(A) of the NLRA, 29 U.S.C. § 158(b)(7)(A), when it allegedly picketed Rabine Paving's premises with a recognitional object when no question concerning representation could be raised. The existence and status of the alleged May 2000 contract between Rabine Paving and CIU is a matter under investigation in the current unfair labor practice proceeding. The information sought through the administrative subpoena at issue in the current matter is reasonably relevant to the unfair labor practice charge because the information sought is related to the existence and status of the alleged May 2000 contract between Rabine Paving and CIU. This Court finds that the information sought in the subpoena in question is reasonably related to the matters in question and under investigation below. Questions as to the legal sufficiency of the defenses raised by Local 150 in the proceedings below are not relevant to the Court's decision to enforce the administrative subpoena in question.

## **CONCLUSION**

For the foregoing reasons, the Court adopts Magistrate Judge Nolan's Report and Recommendation with minor modifications. Local 150's Motion for an Order Setting a Hearing on a Rule to Show Cause is granted in part and denied in part. To the extent the motion requests the Court to order compliance with ALJ Sherman's August 17 and August 18, 2000 orders enforcing portions of Local 150's subpoena duces tecum, the motion is granted. To the extent the motion requests a hearing on a rule to show cause or a finding of contempt, the motion is

denied. Because there are no remaining issues in dispute in this proceeding to compel obedience to the *subpoena duces tecum*, this case is hereby terminated.

SO ORDERED  9-6-01          ENTERED:

*Ronald A. Guzman*

HON. RONALD A GUZMAN
United States Judge